## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, D.C. 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| Office of the Legal Adviser | ) | |
| Room 5519 | ) | |
| 2201 C Street, N.W. | ) | |
| Washington, D.C. 20024, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc., by and through its undersigned counsel, brings this action

against Defendant U.S. Department of State to compel compliance with the Freedom of

Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 1331.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.    Plaintiff is a non-profit, educational foundation organized under the laws of the

District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite

800, Washington, DC 20024.   Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law.   In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local

government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant is an agency of the United States and is headquartered at 2201 C Street,

N.W., Washington, DC 20520.   Defendant has possession, custody, and control of public records

to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On May 21, 2013, Plaintiff sent a FOIA request to Defendant via certified mail

seeking access to:

> 1)      Any and all SF-50 (Notification of Personnel Action) forms for Ms. Huma Abedin.
>
> 2)      Any and all contracts (including, but not limited to, personal service contracts) between the Department of State and Ms. Huma Abedin.
>
> 3)      Any and all records regarding, concerning, or related to the authorization for Ms. Huma Abedin to represent individual clients and/or otherwise engage in outside employment while employed by and/or engaged in a contractual arrangement with the Department of State.

The time frame for this request is January 1, 2010 to the present.

6.      By letter dated June 5, 2013, Defendant acknowledged receiving Plaintiff's request

and assigned its request Case Control Number F-2013-08812.

7.      Defendant was required to determine whether to comply with Plaintiff's request

within twenty (20) working days after its receipt of the request, pursuant to 5 U.S.C. §

552(a)(6)(A).   Pursuant to this same provision, Defendant also was required to notify Plaintiff

immediately of the determination, the reasons therefor, and the right to appeal any adverse

determination to the head of the agency.

8.     As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of its right to appeal any adverse determination to the head of the agency. Moreover, Defendant has failed to produce any records responsive to the request, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production.

9.     Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)-(B), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10.     Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request, Case Control Number F-2013-08812, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request, Case Control Number F-2013-08812, and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any

and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper under the circumstances herein.

Dated:   September 10, 2013

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/   Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172
(202) 646-5199, facsimile
porfanedes@judicialwatch.org

*Attorneys for Plaintiff*