UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 13-CV-1363 (EGS) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| STATE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT STATUS REPORT

Pursuant to the minute order dated June 19, 2015, the parties submit the following joint status report setting forth their individual recommendations for further proceedings in this newly reopened case:

## INTRODUCTION

On May 21, 2013, plaintiff Judicial Watch, Inc. submitted a request to the U.S. Department of State under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, requesting that the Department produce the following records:

1. Any and all SF-50 (Notification of Personnel Action) forms for Ms. Huma Abedin.

2. Any and all contracts (including, but not limited to, personal service contracts) between the Department of State and Ms. Huma Abedin.

3. Any and all records regarding, concerning, or related to the authorization for Ms. Huma Abedin to represent individual clients and/or otherwise engage in outside employment while employed by and/or engaged in a contractual arrangement with the Department of State.

Plaintiff brought this case on September 10, 2013, and the Department filed its Answer on October 30, 2013.

Thereafter, the Department conducted a search for records responsive to the FOIA request, directed to those Department records systems in which the Department determined that responsive records were likely to be located: the Central Foreign Policy Records (the Department's principal records system), the Bureau of Human Resources, the Office of the Executive Secretariat, and the Office of the Legal Adviser.  By letter dated February 12, 2014, after processing the responsive records that were located by these searches, the Department informed plaintiff as to the records systems that were searched, and it released all non-exempt information to plaintiff.

On March 14, 2014, after receiving these records from the Department, plaintiff filed a Stipulation of Dismissal with Prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii).

On March 2, 2015, an article in the New York Times stated that, while at the Department, former Secretary Clinton used a non-"state.gov" email account to conduct government business. In light of this article, plaintiff moved to reopen the case.  The Department did not oppose the reopening of the case under Rule 60(b)(2).  Former Secretary Clinton has provided the Department with approximately 55,000 pages of emails from a non-'state.gov' account that were sent to or received by her while she was Secretary of State.  The Department agreed to conduct a search of these emails for any records responsive to plaintiff's FOIA request.

On June 19, 2015, the Court reopened the case under Fed. R. Civ. P. 60(b)(2) due to newly discovered evidence.

The parties have met and conferred.  Each party submits its position below.

**PLAINTIFF'S FURTHER STATEMENT**

1.      The reopening of this case is of Defendant's own making.  The FOIA request at issue concerns records about Ms. Huma Abedin's classification as a special government

employee. Before being classified as such, Ms. Abedin was Secretary Clinton's Deputy Chief of Staff. Therefore, as part of any search reasonably calculated to uncover all responsive records, at a minimum, the email records of Secretary Clinton, Ms. Abedin, and Ms. Cheryl Mills, Secretary Clinton's Chief of Staff at the time, should have been searched.

2. However, based on Secretary Clinton's own admissions and statements by the State Department, it is indisputable that in early 2014 Secretary Clinton's email records were not searched for responsive records. In addition, based on reporting by numerous news organizations, it appears as though some, if not all, of the email records of Ms. Abedin and Ms. Mills were not searched as well.

3. When the State Department conducted its searches for responsive records in early 2014, it is implausible that the State Department did not know that the records of the Office of the Executive Secretariat were missing email records of Secretary Clinton, Ms. Abedin, and Ms. Mills. In other words, the State Department knew that the system of records it was searching was incomplete.

4. Yet at no time in 2013 or 2014 did Defendant inform Plaintiff that the searches it conducted excluded the email records of Secretary Clinton, Ms. Abedin, and Ms. Mills. Only because of reports by various news organizations did Plaintiff learn that the searches for records were inadequate.

5. Had Plaintiff known that Defendant's searches were not complete, it would not have dismissed the case when it did. Plaintiff assumed – incorrectly, it turned out – that Defendant had conducted proper searches. Therefore it is only because Defendant was not forthright with Plaintiff that we are here today.

6.	Surprisingly, Defendant continues to be less than straightforward with Plaintiff. By way of an email inquiry from Plaintiff's counsel, Plaintiff has sought limited information from Defendant to determine what, if any, additional searches would be appropriate to be performed to uncover all responsive records. Plaintiff's proposal is attached as Exhibit A.

7.	Instead of providing basic information to Plaintiff, Defendant asks Plaintiff – and now the Court – to trust again that it will conduct searches reasonably calculated to uncover all responsive records. Defendant's response is attached as Exhibit B.

8.	Unfortunately, Defendant is not entitled to a benefit of the doubt.

9.	First, Defendant proposes an elongated production of responsive records from the 55,000 pages of emails provided to Defendant by Secretary Clinton. However, a delayed, rolling production is unnecessary. In a separate FOIA case[1], Defendant submitted the declaration of John F. Hackett, Acting Director of the Office of Information Programs and Services, which is attached as Exhibit C. In his declaration, Mr. Hackett testifies that the 55,000 pages of emails provided by Secretary Clinton have been placed in chronological order "with labels placed on the outside of the boxes that corresponded approximately to the timeframe of the documents within any given box. See ¶ 12 of Exhibit C. In addition, Mr. Hackett also testifies that Defendant is creating a searchable database of the 55,000 pages of emails provided by Secretary Clinton. See ¶ 15 of Exhibit C. As of May 18, 2015, when the declaration was prepared, Mr. Hackett testified that the database will be completed by mid-June. *Id*.

---

[1]	The case is In *Leopold v. Department of State*, Case Number 15-cv-00123-RC (D.D.C.). Plaintiff is not a party to that case. In addition, unlike in this case, where Plaintiff requests records of a very limited nature, the FOIA requester in that case sought every record prepared by Secretary Clinton during her entire four-year tenure.

10. Because this FOIA request only concerns Ms. Abedin's classification as a special government employee, the searches of the 55,000 pages of emails provided by Secretary Clinton would be limited. Ms. Abedin's classification occurred on June 2, 2012. Therefore, it would be appropriate for Defendant to search for records near in time to that date. Because the 55,000 pages have already been placed in chronological order, this should limit the time required to conduct a search. Similarly, the subject-matter of the request is limited. The parties could most likely agree on a list of terms to be searched in the now-complete searchable database of the 55,000 pages of emails. Plaintiff should not be required to wait until January 29, 2016 to receive records that could be easily searched for in a matter of hours, if not minutes.

11. Second, Defendant's proposed search of only the 55,000 pages of emails provided by Secretary Clinton is improperly limited. There is no evidence that Secretary Clinton provided Defendant with all emails that would be responsive to the FOIA request. She has never identified how she – or others, for that matter – searched for and decided which emails to provide to Defendant. In addition, there is no evidence that all of Secretary Clinton's emails have been preserved by Defendant. When Secretary Clinton provided the 55,000 pages to Defendant, Ms. Mills, on Secretary Clinton's behalf, wrote:

> Secretary Clinton at times used her own electronic mail account when engaging with officials. On matters pertaining to the conduct of government business, it was her practice to use the officials' government electronic mail accounts. Accordingly, to the extent the Department retains records of government electronic mail accounts, it already has records of her electronic mail during her tenure preserved within the Department's recording keeping systems.

See Exhibit D. However, emails posted just last night on Defendant's website demonstrate that Secretary Clinton also conducted official State Department business with Ms. Abedin and Ms.

Mills exclusively on non-"state.gov" email accounts.[2] See Exhibit E. This means that emails may exist in places other than "state.gov" email accounts.

12. With respect to the proposed search of emails that may be turned over by Ms. Abedin and Ms. Mills, Defendant provides little information. Defendant does not state whether it has received emails from Ms. Abedin or Ms. Mills, when they expect to receive such emails, or when it will search any emails it may receive.[3] Again, Defendant asks Plaintiff and now the Court to trust it will do what it says.

13. Third, and finally, Defendant apparently does not believe it is required to conduct additional searches for records responsive to the FOIA request, even though it knows that the emails provided by Secretary Clinton, Ms. Abedin, and Ms. Mills are not a complete records system. With this in mind, Plaintiff asked for basic information of where responsive records may be stored. It is entirely possible – and likely – that Defendant has custody of computer equipment that contains responsive emails on it. However, Defendant refuses to provide basic answers about where else searches could be conducted.

14. Because Defendant has not been forthcoming – originally and now – Plaintiff requests assistance from the Court. Plaintiff would welcome a status conference or even referral

---

[2] As is demonstrated by Exhibit E, Ms. Abedin used three distinct email addresses. Ms. Abedin's "state.gov" email address (abedinh@state.gov) as well as one of her non-"state.gov" email addresses (huma@clintonemail.com) are entirely visible. However, another email address as been partially redacted. All that is visible is HAbedin@. Exhibit E also shows that Ms. Mills used three distinct email addresses. Ms. Mills' "state.gov" email address (MillsCD@state.gov) is visible. Her two non-"state.gov" email addresses are partially redacted (cheryl.mills@ and cmills@).

[3] Plaintiff even asked for copies of the letters sent by Defendant to Ms. Abedin and Ms. Mills requesting they emails, but Defendant rejected that request.

6

to a magistrate.  Plaintiff believes that, with limited, additional information, this reopened matter could be resolved without substantial – if any – additional intervention by the Court.

15. Defendant argues incorrectly that Plaintiff is seeking discovery, and this filing is not the appropriate way to do so.  Plaintiff is prepared to file a motion requesting that the Court order Defendant to provide the necessary information.  Plaintiff could file such a motion as early as July 20, 2015.

## DEFENDANT'S FURTHER STATEMENT

1. When the Department initially searched for records responsive to the FOIA request, the Department informed plaintiff of the records systems that were searched (the Central Foreign Policy Records (the Department's principal records system), the Bureau of Human Resources, the Office of the Executive Secretariat, and the Office of the Legal Adviser), and the Department released all non-exempt information to plaintiff.  See Declaration of John F. Hackett dated March 30, 2015 (ECF No. 14-1), ¶¶ 4-5.

2. The Department has commenced processing the approximately 55,000 pages of emails that were recently provided to the Department by former Secretary Clinton from a non-'state.gov' account (the Clinton emails).  In Leopold v. Dep't. of State, C.A. No. 15-cv-00123-RC (D.D.C.) (ECF No. 17), the Court ordered State to produce all non-exempt portions of the Clinton emails on the Department's website, on a rolling basis.  The court set the initial production for June 30, 2015, followed by additional productions every thirty days thereafter, concluding on January 29, 2016.

3. Accordingly, the Department proposes to conduct a search of the Clinton emails for any records responsive to plaintiff's FOIA request as these emails are posted on the Department's website pursuant to the schedule issued in Leopold.  More specifically, the

Department proposes that it produce any non-exempt records from the Clinton emails that are responsive to plaintiff's FOIA request within two weeks of each rolling production of the Clinton emails. Because the last date for rolling productions is January 29, 2016, plaintiff will have been provided with all responsive, non-exempt records from the Clinton emails within approximately six months.

4. In addition, the Department has sent letters to Ms. Abedin and to Cheryl Mills (who served as the former Secretary's Chief of Staff and Counselor at the Department), requesting that those individuals make available to the Department any federal records that they may have in their possession, such as emails concerning official government business sent or received on a personal email account while serving in their official capacities with the Department, if there is any reason to believe that those records may not otherwise be preserved in the Department's recordkeeping system. The Department proposes to search such records received by it for any additional records responsive to plaintiff's FOIA request.

5. Upon the completion of production, the parties will meet and confer, and will provide the Court with a joint status report regarding whether the parties believe that further briefing is necessary and, if so, proposing a briefing schedule.

6. Rather than proposing a schedule for additional searches, plaintiff instead seeks discovery from the Department, by posing a series of interrogatories regarding record keeping issues. See Exh. A (plaintiff's proposal). Such interrogatories clearly exceed the Department's obligations in this FOIA action. Because FOIA "deals with 'agency records,' not information in the abstract," see Goldgar v. Office of Admin., 26 F.3d 32, 34 (5th Cir. 1994) (citing Forsham v. Harris, 445 U.S. 169 (1980)), FOIA "does not require an agency to answer questions disguised as a FOIA request, or to create documents or opinions in response to an individual's request for

information." Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985) (citations omitted). If a party "is not seeking an agency record – the only thing accessible under the FOIA – then he is abusing and misusing the FOIA." Goldgar, 26 F.3d at 35.

7. In addition, the extensive information plaintiff seeks by way of interrogatories exceeds the limited scope of plaintiff's FOIA request, which seeks certain personnel records regarding Ms. Abedin's employment. Discovery is granted only rarely in FOIA cases, and only after the agency has submitted declarations and plaintiff has made some showing that those declarations are inadequate or were submitted in bad faith. See Schrecker v. U.S. Dep't of Justice, 217 F.Supp. 2d 29, 35 (D.D. C. 2002) *aff'd*, 349 F.3d 657 (D.C. Cir. 2003). In light of the Department's prior searches of agency records, and its agreement to search the Clinton emails (and any additional emails received from Ms. Abedin and Ms. Mills), plaintiff's proposal for extensive discovery is unwarranted. Also, in order to seek such relief, plaintiff should file a motion that states with particularity the grounds for seeking the order, along with a statement of points of law, affording time for the Department to respond. See Fed. R. Civ. P. 7; Local Rule 7. Rather than seeking discovery via a status report, plaintiff should present any objections it may have concerning the search declarations at a later date, if cross-motions for summary judgment are filed. See Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) (finding that "[g]enerally, FOIA cases should be handled on motions for summary judgment" in rejecting plaintiff's "early attempt" to litigate discovery before "the government has first had a chance to provide the court with the information necessary to make a decision.").

8. Indeed, this court has recently rejected requests by Judicial Watch for similar discovery in two other pending FOIA cases. In Judicial Watch, Inc. v. Department of State, C.A. No. 15-cv-684-BAH (DDC), a case seeking any emails received or sent by Ms. Abedin from her

9

non-'state.gov' account while employed at the Department, Judicial Watch requested similar discovery via a status report, and the court rejected that proposal by minute order dated June 25, 2015. Similarly, in Judicial Watch, Inc. v. Department of State, C.A. No. 14-cv-1511-ABJ (DDC) (status report dated June 19, 2015), a case seeking certain notes or reports by the Department, Judicial Watch requested similar discovery, and plaintiff's proposal was dismissed without discussion by minute order dated June 22, 2015.

9. The rolling production of the Clinton emails proposed by the Department will enable plaintiff to receive any responsive records promptly after batches of the Clinton emails are posted on the Department's website pursuant to the schedule issued in Leopold. Unlike plaintiff's suggestion (see Pl. Further Statement ¶ 10), the Department's proposal will allow it to process any responsive records for FOIA exemptions in due course consistent with the Leopold order.

| | |
|---|---|
| Dated: July 1, 2015 | Respectfully submitted, |
| | |
| | BENJAMIN C. MIZER |
| /s/Michael Bekesha | Principal Deputy Assistant Attorney General |
| Michael Bekesha | |
| D.C. Bar No. 995749 | VINCENT H. COHEN |
| JUDICIAL WATCH, INC. | Acting United States Attorney |
| 425 Third Street, S.W., Suite 800 | |
| Washington, DC 20024 | MARCIA BERMAN |
| Tel: (202) 646-5172 | Assistant Director |
| E-mail: mbekesha@judicialwatch.org | |
| | /s/ Peter T. Wechsler |
| *Counsel for Plaintiff* | PETER T. WECHSLER (MA 550339) |
| | Senior Counsel |
| | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| | 20 Massachusetts Avenue, N.W. |
| | Washington, D.C. 20530 |
| | Tel.: (202) 514-2705 |
| | Fax: (202) 616-8470 |
| | Email: peter.wechsler@usdoj.gov |
| | |
| | *Counsel for Defendant* |