UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-CV-1363 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DEFENDANT'S STATUS REPORT</u>**

On July 31, 2015, the Court ordered the U.S. Department of State, as related to Judicial Watch's FOIA requests in this case, to "identify any and all servers, accounts, hard drives, or other devices currently in the possession or control of the State Department or otherwise that may contain responsive information." July 31, 2015 Minute Order, ¶ 1. The State Department submits the attached Declaration of John Hackett dated August 14, 2015, which responds to the Court's inquiry.

In a Minute Order entered on August 13, 2015, the Court directed the State Department to indicate in this status report "the extent to which [it] is working with other government agencies, including the Federal Bureau of Investigation and the Department of Justice, to search Mrs. Clinton's private email server for information relevant to this lawsuit."

It is the State Department's understanding that on August 12, 2015 the Department of Justice (DOJ) took custody of former Secretary Clinton's private email server for storage in a secure manner in connection with the classification of some of the 55,000 pages. See Kendall letter at 1-2, attached as Exhibit E to Def.'s Status Report (ECF No. 24). The Department is not

currently working with DOJ, the FBI, or other government agencies to search former Secretary Clinton's private email server for information responsive to plaintiff's FOIA request for the following reasons.  First, FOIA does not require an agency to search for and produce records that are not in its possession and control.  *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150-51, 155 (1980); *National Sec. Archive v. Archivist of the U.S.*, 909 F.2d 541, 545 (D.C. Cir. 1990).  The Department lacks such possession and control over former Secretary Clinton's server.

Second, FOIA requires an agency to conduct a search "reasonably calculated to uncover all relevant documents."  *Morley v. CIA*, 508 F.3d 1109, 1114 (D.C. Cir. 2007).  As the Court is aware, in December 2014, former Secretary Clinton provided to the State Department 55,000 pages of her emails from her clintonemail.com account that were or potentially were federal records.  At the Court's request, former Secretary Clinton has declared under penalty of perjury that these materials constitute all of her emails on clintonemail.com that were or potentially were federal records.  Accordingly, the Department reasonably believes that further searches of the original repository of these materials will not result in additional responsive materials.

This belief is further supported by the Department's searches to date.  The Department has searched these 55,000 pages for records responsive to plaintiff's FOIA request, which is a relatively narrow request for records concerning Huma Abedin's employment status, and has found no responsive records.  The Department has also searched the initial batch of emails Ms. Abedin provided to the Department from non-state.gov email accounts and has found no responsive records.  In sum, based on reasonable searches to date, the Department has not found responsive materials in these sources.

For all these reasons, the Department does not believe that a reasonable search for records responsive to plaintiff's FOIA request requires a search of former Secretary Clinton's server.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director

_/s/ Peter T. Wechsler_
PETER T. WECHSLER (MA 550339)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov
Counsel for Defendant

3