**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-cv-1363 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S AUGUST 14, 2015 STATUS REPORT**

Plaintiff Judicial Watch, Inc., by counsel, respectfully submits this response to Defendant's August 14, 2015 Status Report:

1.      Like its previous filings, Defendant's August 14, 2015 Status Report fails to provide the basic information requested by the Court.  *See* Plaintiff's August 10, 2015 Response.

2.      The Court ordered Defendant to identify any and all servers, accounts, hard drives, or other devices currently in the possession or control of the State Department or otherwise that may contain responsive information.  In response, Defendant submitted a declaration by the head of Defendant's FOIA office in which he testifies that Defendant "is not currently aware of any personal computing devices issued by the Department to former Secretary Clinton, Ms. Abedin, or Ms. Mills that may contain responsive records."  Defendant's August 14, 2015 Status Report at ¶ 8.

3.      Taking this sworn statement on its face, it appears as though the declarant made no effort whatsoever to find out what electronic devices the former head of the agency and two

of her closest advisors used to conduct official government business for four years and where these electronic devices may be located or if they are still in existence.

4.    Similarly, Defendant offered no evidence whatsoever concerning servers, backups, or other devices in its possession.

5.    In addition, Defendant does not identify whether former Secretary Clinton was provided or used a state.gov email address.

6.    Moreover, only now – more than 18 months after the initial searches were conducted – does Defendant disclose that it searched the state.gov email accounts of "two other former employees." August 14, 2015 Status Report at ¶ 7.  Defendant does not identify who those employees are or whether they also used former Secretary Clinton's email server or any other non-state.gov email address to conduct official government business.  The mere fact that two other unnamed individuals may have records responsive to Plaintiff's FOIA request is material, should have been disclosed at the July 31, 2015 Status Hearing, if not sooner, and raises a variety of additional questions.

7.    While wholly ignoring the Court's directive, Defendant dismisses the Court's concerns as irrelevant by attempting to revive an argument already rejected by the Court.

8.    During the July 31, 2015 Status Hearing,[1] Defendant argued that this case is an ordinary FOIA lawsuit and the next step should be dispositive briefing concerning the adequacy of Defendant's searches.  The Court rejected this argument.  The Court stated:

> But there's one thing about me sending the Government off on a fishing expedition to try and find something.  There's another thing though for the Government to ask former government employees tell us whether or not you maintained our files on your private servers and other electronic devices or otherwise.  And otherwise would be electronic devices or in that box in their garage or whatever. Tell us that.  And if the answer is yes, you must declare under

---

[1]    The full transcript for the July 31, 2015 Status Hearing is attached as Exhibit A.

penalty whether or not you have provided the Government with copies of all of those materials. ***And if you haven't, give us those materials and then we determine whether bases exist for other kinds of discovery***.

Transcript at 21 (emphasis added).

9.      Following the July 31, 2015 Status Hearing, the Court gave Defendant the opportunity to provide answers to questions that are fundamental to whether Defendant has satisfied its obligations under FOIA.  Defendant did not do so.  It has only submitted partial answers with material omissions.  Until complete answers are provided to these questions, the Court and Plaintiff cannot even hope to understand – let alone determine – whether Defendant has conducted searches reasonably calculated to uncover all relevant documents.

10.     Because Defendant and the three individuals – who apparently are really five individuals – have now failed to comply with the Court's order and to provide complete answers to basic questions, Plaintiff agrees with the Court's assessment that a time may come that "other kinds of discovery" would be appropriate.  That time may be now.

11.     A Status Hearing is currently scheduled for September 10, 2015.  Because two weeks have gone by and the Court and Plaintiff are no closer to knowing where responsive records may exist, Plaintiff requests that the Court advance the scheduled hearing to this week to discuss the possibility of discovery or other means to gather the necessary information.

Dated:  August 17, 2015                        Respectfully submitted,


                                               /s/ Michael Bekesha
                                               Michael Bekesha
                                               JUDICIAL WATCH, INC.
                                               425 Third Street S.W., Suite 800
                                               Washington, DC 20024
                                               (202) 646-5172

                                               *Counsel for Plaintiff Judicial Watch, Inc.*