**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

JUDICIAL WATCH, INC.,      )
                           )
          Plaintiff,       )          Civil Action No. 13-cv-1363 (EGS)
                           )
          v.               )
                           )
U.S. DEPARTMENT OF STATE,  )
                           )
          Defendant.       )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR**
**PARTIAL STAY PENDING RESOLUTION OF ITS MOTION FOR**
**DESIGNATION OF COORDINATING JUDGE**

Plaintiff Judicial Watch, Inc., by counsel, respectfully submits this opposition to

Defendant's motion.  As grounds therefor, Plaintiff states as follows:

**MEMORANDUM OF LAW**

**I.      Introduction.**

Defendant's motion for an indefinite stay of proceedings should be denied.  Defendant

has presented no evidence whatsoever that proceeding on course in this case will, in any way,

adversely affect any other cases.  Moreover, as Plaintiff demonstrates below, the relief sought by

Defendant will slow, if not stop entirely, the substantial progress that the Court and the parties

have made in resolving the few issues that remain.

Since the reopening of this case in June 2015, the Court has held two status hearings and

has scheduled another two hearings for September 16, 2015 and October 1, 2015.  The Court

also has issued at least six orders.  In addition, the parties either jointly or separately have

docketed no less than 10 filings with the Court.  As a result of this activity, only two significant

questions remain: whether any additional records that are potentially responsive to Plaintiff's

FOIA request exist and, if so, where they may be located.  As the first step to resolving this issue, the Court ordered Defendant to establish a dialogue with the FBI and to provide the Court with an update by September 21, 2015.  Now, without any evidence whatsoever that an indefinite stay is necessary to avoid conflicts with other courts, Defendant requests that the Court stay this order and prevent the case from moving forward.  The request should be denied.

## II.    Defendant Failed to Meet and Confer.

Defendant failed to meet and confer before it moved for a stay.  Defendant has filed a motion to stay indefinitely two aspects of this case.  First, Defendant seeks to stay "the search and processing of certain additional records that have been provided to it by Ms. Mills and Ms. Abedin."  *See* Defendant's Motion for Partial Stay Pending Resolution of Its Motion for Designation of Coordinating Judge ("Def's Mot.") at 2-3.  Second, Defendant seeks to stay the Court's August 20, 2015 Order, which requires Defendant to establish a dialogue with the FBI and provide an update to the Court by September 21, 2015.  *Id.*

Local Rule 7(m) requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel *in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement*."  LCvR 7(m) (emphasis added).  Prior to Defendant filing its motion for a stay, an attorney who purportedly represents Defendant but has not entered his appearance in this case sent an email to all Judicial Watch attorneys assigned to FOIA cases involving Plaintiff and Defendant.  The email stated:

> [T]he Department will be filing a motion in each of the above-listed cases seeking a stay of those portions of each case addressing the documents provided to the Department by former Secretary Clinton and the other former employees until the coordination motion is decided, and, if it is granted, until the coordinating judge

issues an order determining how to proceed in the cases listed in that motion. The stay sought would not affect those portions of the cases that deal with the search and production of other documents.

*See* September 1, 2015 Email from Robert Prince, which is attached as Exhibit A. This email fails to satisfy Local Rule 7(m) in at least three ways.

First, the email in no way states that Defendant would be seeking a stay of the Court's August 20, 2015 Order requiring Defendant to establish a dialogue with the FBI and provide an update to the Court by September 21, 2015. Second, as is evident from the entire email chain, which is attached as Exhibit B, Defendant did not allow for the parties to fully discuss the motion. Plaintiff not only sought to fully understand what Defendant intended to file, but Plaintiff also again proposed that the parties meet and discuss the issue. Instead, Defendant filed its "coordination motion" and the motion to stay in this case. Third, there was no attempt by Defendant whatsoever to narrow the areas of disagreement. Had Defendant meaningfully conferred with Plaintiff about the remaining searches to be conducted of certain additional records that have been returned by Ms. Mills and Ms. Abedin, Defendant would have learned that Plaintiff is willing to reasonably coordinate such production as necessary. By not properly conferring with Plaintiff, Defendant is unnecessarily burdening the Court with this issue. For this reason alone, Defendant's motion should be denied.

## III.   Defendant's "Coordination Motion" – or Whatever It Is – Is Unlikely To Succeed.

On September 2, 2015, Defendant filed a "miscellaneous action," seeking to have the Chief Judge order 16 district judges to transfer more than 30 Freedom of Information Act ("FOIA") lawsuits, including at least 16 lawsuits filed by Judicial Watch, to a "coordinating

judge" at least for a period of time.[1]  *See* United States Department of State's Motion for

Designation of Coordinating Judge and Memorandum in Support at 15.  Regardless of how

Defendant describes it, this "miscellaneous action" is a new lawsuit.  It suffers from numerous

fatal flaws, not the least of which is Defendant's failure to identify any basis for the District

Court's subject matter jurisdiction or demonstrate why the relief it seeks is properly the subject

of a miscellaneous action.  Defendant also has failed to identify any basis for the District Court

to assert personal jurisdiction over respondents – the FOIA requestors who have bought the more

than 30 lawsuits in question.  There plainly has been no service of process, and mere notice of an

action is no substitute for proper service of process.  *See, e.g., Omni Capital Int'l Ltd. v. Rudolf*

*Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Ibiza Business Ltd. v. United States*, 2010 U.S.

Dist. LEXIS 70903 (D.D.C. July 8, 2010) (Lamberth, J.) (denying motion for default judgment

in miscellaneous action due to insufficiency of service of process).  Defendant also failed to join

at least 16 indispensable parties, namely the district judges against whom they seek relief.

Most fatal of all, however, is the complete absence of any substantive legal basis for

Defendant's claim.  One district judge cannot order another district judge to take action in a case

pending before that judge.  *Klayman v. Kollar-Kotelly*, 2013 U.S. App. LEXIS 10148 (D.C. Cir.

May 20, 2013), *reh'g denied* 2013 U.S. App. LEXIS 16769 (D.C. Cir. Aug. 12, 2013), *reh'g en*

*banc denied* 2013 U.S. App. LEXIS 16770 (D.C. Cir. Aug. 12, 2013); *see also Celotex Corp. v.*

*Edwards*, 514 U.S. 300, 313 (1995); *Jones v. Supreme Court of the United States*, 405 Fed.

Appx. 508 (D.C. Cir. 2010) (per curium); *Prentice v. United States District Court*, 307 Fed.

Appx. 460 (D.C. Cir. 2008) (per curium); *Adams v. United States District Court*, 2014 U.S. Dist.

---

[1]      To avoid confusion, Plaintiff uses the numbers identified by Defendant in its
"coordination motion."

LEXIS 151044 (D.D.C. Oct. 23, 2014) (Berman Jackson, J.); *Mason v. Kahn* 2008 U.S. Dist. LEXIS 50258 at *1 (D.D.C. June 30, 2008). Not only does a district judge lack such power, but the District Court lacks subject matter jurisdiction to consider a claim that it does. *Klayman*, 2013 U.S. App. LEXIS 10148 at *2.

In *Klayman*, the plaintiff filed an action seeking, among other relief, to have one district judge issue an injunction against another district judge. Then Assistant United States Attorney Rudolph Contreras – now Judge Contreras – argued to Judge Leon that he had no authority to issue an order to Judge Kollar-Kotelly: "This Court lacks jurisdiction to order a District Judge to take judicial action in cases pending before that judge." Defendants' Memorandum in Support of Motion to Dismiss at 6, *Klayman v. Kollar-Kotelly, et al.*, Case No. 11-1775 (RJL) (D.D.C. Dec. 5, 2011) (ECF No. 11). Judge Leon agreed. *Klayman v. Kollar-Kotelly*, 892 F. Supp.2d 261 (D.D.C. 2012). So did the appellate court, which summarily affirmed. *Klayman*, 2013 U.S. App. LEXIS 10148 at *1. The relief Defendant seeks – that a district judge order 16 other district judges to transfer more than 30 FOIA lawsuits to a single "coordinating judge" – is unwarranted by any existing law. Fed.R.Civ.P. 11(b)(2). Nor is it warranted by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. *Id.*

In addition, Local Civil Rules 40.5(c) and 40.6(a), both of which Defendant cites, also do not provide a legal basis for the relief Defendant seeks. Both rules make clear that the assignment and transfer processes they establish are effectuated only with the consent of the judges involved. Again, no district judge can order another district judge to do anything. Defendant's motion for an indefinite stay should be denied because its "coordination motion" is unlikely to succeed.

**IV.     An Indefinite Stay Is Inappropriate.**

Notwithstanding Defendant's failure to confer or the fact that its "coordination motion" is unlikely to succeed, an indefinite stay is inappropriate.  Since this case was reopened on June 19, 2015, significant progress has been made in resolving the few outstanding issues.  Defendant now wants to halt this progress.

When the Court reopened this case on June 19, 2015, three general issues existed:

1.      Defendant had not searched the 55,000 pages of emails returned by Mrs. Clinton for records responsive to Plaintiff's FOIA request;

2.      Defendant had not searched the emails returned by Ms. Abedin and Ms. Mills; and

3.      Defendant had not conducted additional searches reasonably calculated to uncover all responsive records.

Since then, in less than three months, Defendant has (1) agreed to re-search the system of records it originally searched for records responsive to Plaintiff's FOIA request; (2) requested that Mrs. Clinton, Ms. Abedin, and Ms. Mills return all records potentially responsive to Plaintiff's FOIA request; (3) searched the 55,000 pages of emails returned by Mrs. Clinton for records responsive to Plaintiff's FOIA request; (4) searched the emails returned by Ms. Abedin and Cheryl Mills as of June 30, 2015; and (5) since June 30, 2015, received additional records from Ms. Abedin and Ms. Mills that Defendant has said it will search.  In short, the first issue has been completely resolved, and the second and third issues have been partly resolved and continue to efficiently move towards resolution.

What remains at issue is simple and straightforward.  First, Defendant does not seek to stay its revised searches of the system of records that it originally searched.  Based on statements made by Defendant's counsel during the August 20, 2015 Status Hearing, it appears that the

search has been completed and Defendant is in the process of preparing approximately 200 pages for production.  This process should continue on course.

Second, Defendant has said it will search the records returned by Ms. Abedin and Ms. Mills since June 30, 2015 for records responsive to Plaintiff's FOIA request.  If Defendant needs additional time to conduct these searches, Plaintiff does not oppose a reasonable schedule for completion.  However, without knowing the number of records as well as the number of pages that were returned by both individuals and whether the records were returned in native format or in paper form, Plaintiff does not know and cannot know what is reasonable.  Plaintiff therefore requests that Defendant identify the total number of records and pages that were returned by Ms. Abedin and Ms. Mills since June 30, 2015 and that have not already been searched as well as whether such records were returned in native format or paper form.  Once Defendant identifies this information, the parties can meaningfully meet and confer and attempt to agree to a reasonable production schedule.

Third, the Court must resolve whether any additional records that are potentially responsive to Plaintiff's FOIA request exist and, if so, where they may be located.  Those records undoubtedly include all emails sent or received by Mrs. Clinton from any email address on the clintonemail.com system as well as all emails sent or received by Ms. Abedin on the same system.  If such records do exist, Defendant has an obligation to recover those records and search them for responsiveness.  August 20, 2015 Transcript at 20 ("If any e-mails pertaining to official government business are found in the 30,000, quote, unquote, personal e-mails through the FBI, DOJ search, will those documents be returned to State?  I guess that would be the second part of that directive.  I think the State Department should ask they be returned.")

As the first step of this process, the Court ordered Defendant to open a dialogue with the FBI "about recovery of potential information that may be responsive to [Plaintiff's] FOIA request." August 20, 2015 Transcript at 44. Two weeks later – and conveniently the day before Defendant moved to stay the Court's order – Defendant initiated the dialogue with the FBI. *See* September 2, 2015 Letter, which is attached as Exhibit C. Now Defendant seeks to stop that dialogue. It should not be stopped.

Now that the dialogue has finally been initiated, it is assumed that the "FBI will provide [Defendant] with the information that it has an obligation to provide; that is, with respect to materials that are responsive to [Plaintiff's] FOIA request." *Id*. at 46. If Defendant does not receive the necessary information from the FBI or if the FBI informs Defendant that no emails of Mrs. Clinton or Ms. Abedin exist on the server in the FBI's possession, discovery may be appropriate. *Id*. ("I think we just need to wait and see what the response is before the Court determines whether or not there's any basis for discovery."); *see also id.* at 46-47 ("Let's see what the investigation reveals, if anything. And whatever it reveals, if anything is probably going to inform the Court's decision about the need for discovery."). Stopping the process now, less than two weeks before Defendant is to inform the Court about the outcome of its dialogue with the FBI, will only slow resolution of this case.

Importantly, Defendant provides no evidence whatsoever that a stay is necessary. Defendant has failed to demonstrate that the Court's August 20, 2015 Order requires Defendant to take action that it is already taking in response to another court's order. Nor has Defendant demonstrated that the Court's August 20, 2015 Order conflicts with any order of another court or that any order of another court conflicts with the Court's August 20, 2015 Order. Nor does

Defendant demonstrate that opening a dialogue with the FBI and the gathering of information from the FBI will cause injury or be harmful to Defendant.  Nor does Defendant demonstrate how another district judge "would be in the best position" to determine the next steps in this case when this Court already has held two status hearings, received numerous filings, and has ordered an additional filing and scheduled another hearing for October 1, 2015.

Ironically, it was counsel for Defendant that suggested that the Court order Defendant to open a dialogue with the FBI.  *See* August 20, 2015 Transcript at 20-21.  Defendant's counsel also agreed with the Court that "[p]erhaps the response [from the FBI] will help to inform any next steps that are required."  *Id*. at 22.  Is it now Defendant's position –two weeks later – that it is burdensome or injurious for the Court to require Defendant to take such steps?  Perhaps, Defendant simply does not want to take such steps at such time because it is seeking out another district judge in hopes that that judge will not require Defendant to take such steps.

## V.    Conclusion.

For all the reasons stated above, Defendant's motion for an indefinite stay should be denied.

Dated:  September 8, 2015                                  Respectfully submitted,

                                                            /s/ Michael Bekesha
                                                            Michael Bekesha (D.C. Bar No. 995749)
                                                            JUDICIAL WATCH, INC.
                                                            425 Third Street S.W., Suite 800
                                                            Washington, DC 20024
                                                            (202) 646-5172

                                                            *Counsel for Plaintiff Judicial Watch, Inc.*