**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br><br> *Defendant*. | Civil Action No. 13-cv-1363 (EGS) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL STAY PENDING RESOLUTION OF COORDINATION MOTION**

INTRODUCTION

Following up on a suggestion made by this and other Courts, the State Department (the "Department") has moved the Chief Judge to appoint a coordinating judge to allow the orderly and efficient resolution of common questions, implicated in more than 30 Freedom of Information Act ("FOIA") cases in this district, related to the search and production of documents recently provided to the Department by former Secretary of State Hillary Clinton and certain other former employees (the "recently provided documents"). The Department has further reasonably asked Courts to stay those portions of cases that relate to these issues while the coordination motion is under consideration.

Plaintiff, which has numerous other FOIA cases pending against the Department implicating the recently provided documents, opposes the partial stay requested in this case, claiming that it will halt the substantial progress that has been made in this case and attacking the basis for the coordination motion itself. The coordination motion is well-founded and sensible. Plaintiff's arguments about its jurisdictional and legal basis are more properly raised in

opposition to that motion and are ultimately baseless.  Moreover, the Department does not seek to stay aspects of this case that do not relate to the recently provided documents.  It does seek to stay, only until the coordination motion is decided (and if it is granted, until the coordinating judge issues an order determining how to proceed), the very type of broader requests for information and discovery about former Secretary Clinton's and the State Department's record-keeping practices that Plaintiff has pursued in this case and that cut across many other cases involving these records.  The Court should grant the Department's motion for a limited, partial stay of certain issues pending resolution of its coordination motion.

## ARGUMENT

I.  THE DEPARTMENT MET ITS DUTY TO CONFER ON ITS STAY MOTION

Plaintiff's claims that the Department failed to adequately confer with Plaintiff before filing its stay motion are meritless.  *See* Plaintiff's Opposition to Defendant's Motion for Partial Stay at 2-3 ("Pl.'s Opp.") (ECF No. 35).  Local Rule 7(m) requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed."  Counsel for the Department notified Plaintiff's counsel of the anticipated coordination motion and stay motion, provided a summary of each motion, and engaged in a substantive back-and-forth with Plaintiff's counsel about the motions before they were filed.  *See* Ex. B to Pl.'s Opp.  The Department also included in its stay motion a statement that the required conferral occurred and noted that Plaintiff had not yet taken a position on the motion.  Def.'s Stay Mot. at 4 (ECF No. 33).  The Department therefore met its Local Rule 7(m) obligations.

Plaintiff makes two arguments to the contrary. First, it argues that the Department failed to tell Plaintiff that it "would be seeking a stay of the Court's August 20, 2015 Order requiring Defendant to establish a dialogue with the FBI and provide an update to the Court by September 21, 2015." Pl.'s Opp. at 3. But the Department's initial email to Plaintiff stated that the Department would be "seeking a stay of those portions of each case addressing the documents provided to the Department by former Secretary Clinton and the other former employees . . . ." Pl.'s Opp., Ex. B at 5. The email also explained that the coordination motion "envisions coordination of common issues such as the scheduling of searches of the recently provided documents, requests for information and discovery about those documents, and requests for orders relating to preservation." *Id.* The Court's August 20 order unquestionably relates to former Secretary Clinton's emails, the private server she used, Plaintiff's requests for information and discovery about former Secretary Clinton's emails and use of a private server, and Plaintiff's requests for orders relating to preservation—the very type of issues the Department told Plaintiff it would move to coordinate. There should have been no doubt, therefore, that the Department would be seeking to stay certain aspects of the August 20 order.[1]

Second, Plaintiff claims that the conferral did not allow the parties to fully discuss the stay motion or to narrow the areas of disagreement. The parties did in fact engage on a number of issues related to both motions. *See* Ex. B to Pl.'s Opp. Each response by the Department was met with more questions and argument from Plaintiff. The Department answered those questions the best it could, but it became clear that each round of answers would just precipitate more questions, and that Plaintiff was not going to reach a position on the motions by the time they

---

[1] The Department made the request of the FBI required by the August 20 order the day before it filed its stay motion, and did not seek to stay that portion of the order.

were filed. The duty to confer does not require an endless debate about the merits of the anticipated motion. In addition, because there are many other plaintiffs affected by the coordination motion, the issue of whether or not to move for the appointment of a coordinating judge was not an issue that could be resolved by discussions between the Department and Plaintiff. The Department conferred in both form and substance, in compliance with Local Rule 7(m). *See HT S.R.L. v. Velasco*, 2015 WL 5120980, at * 5 (D.D.C. Aug. 28, 2015) (finding that petitioner's rejection of respondent's proposed alternatives to the subpoenas about which the parties conferred was not indicative of bad faith and that the parties conferred in good faith); *Jackson v. Teamsters Local Union 922*, 991 F. Supp. 2d 64, 70 (D.D.C. 2013) ("Plaintiffs' counsel complied with [Local Rule 7(m)] . . . by stating her intent to amend the Complaint and offering a brief summary of what she expected to change. . . . That is enough.").[2]

II.   PLAINTIFF'S ATTEMPTS TO UNDERMINE THE COORDINATION MOTION ARE IRRELEVANT TO THE STAY MOTION

Plaintiff further opposes the stay motion by previewing its opposition to the coordination motion. Pl.'s Opp. at 3-5. Arguments about the jurisdictional and legal basis for the coordination motion are, however, more properly addressed to the Court that will be deciding that motion, and are also irrelevant to the Department's stay motion. The Department has moved for a partial stay of certain matters in this case pending resolution of the coordination motion, and if that motion is granted, until the coordinating judge issues an order determining how to proceed in the cases listed in that motion. Def.'s Stay Mot. at 4. Judge Huvelle has already set an expeditious schedule for briefing of the coordination motion, signaling that a resolution of the

---

[2] Plaintiff cites no authority for its contention that the Department's efforts failed to comply with Local Rule 7(m). *See* Pl.'s Opp. at 3.

- 4 -

motion will not be unduly delayed.  *See* Notice of Court Order in Misc. Case No. 15-1188 (Sept. 4, 2015 Order) (ECF No. 34).  For the reasons set forth in the stay motion, a stay of issues that cut across the various FOIA cases involving the documents recently provided to the Department by former Secretary Clinton and certain other former employees (including Cheryl Mills and Huma Abedin, whose records are at issue in this case) while the coordination motion is decided is warranted as a matter of judicial efficiency and economy.  The Department need not show that the coordination motion is likely to succeed in order to justify a stay while that motion is decided.  *See* Pl.'s Opp. at 3 (arguing that the coordination motion is "unlikely to succeed").

Plaintiff is, in any event, wrong that the coordination motion lacks a jurisdictional or legal basis.  Contrary to Plaintiff's argument, the Department was not required to serve a summons on Plaintiff regarding the coordination motion, which was filed as a miscellaneous action, because that motion is not a complaint, or a "claim" (*see* Pl.'s Opp. at 4), but merely a motion.  Nor is Plaintiff a defendant in the miscellaneous action.  The two cases Plaintiff relies on for its claim that "proper service of process" was required involved standard civil action complaints, which must of course be served on a defendant, along with a summons, to establish personal jurisdiction.  *See* Pl.'s Opp. at 4, citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Ibiza Business Ltd. v. United States*, 2010 U.S. Dist. LEXIS 70903 (D.D.C. July 8, 2010) (motion for default judgment denied because plaintiff failed to properly serve complaint on defendant); *see also* Fed. R. Civ. P. 4(c) (regarding service of process of complaint).  And the Department *did* provide notice of the coordination motion to Plaintiff and the other plaintiffs in the FOIA cases the

Department seeks to be coordinated, by filing it in the various underlying cases, including this one.  *See* ECF No. 32.

Moreover, the coordination motion was properly filed, and accepted by the Clerk, as a miscellaneous action.  Miscellaneous actions are distinct from civil actions and may be initiated by a motion, as opposed to a complaint.  For example, "a motion to quash a discovery subpoena might be an appropriate miscellaneous action."  *Sellman v. United States*, 2013 WL 6229172, at *2 (S.D. Ind. Dec. 2, 2013).  *See also Monsanto Co. v. Victory Wholesale Grocers*, 2008 WL 5100178, at *1 (E.D.N.Y. Nov. 26, 2008) ("no substantive causes of action are involved in this miscellaneous proceeding.  This miscellaneous action was opened solely to address the motion to quash the subpoena . . . ."); *In re Subpoena Served on Rum Marketing Int'l, Ltd.*, 2007 WL 2702206, at *2 (S.D. Fla. Sept. 14, 2007) (court has jurisdiction to entertain a motion to quash a subpoena related to a proceeding pending before another district court, filed as a miscellaneous action).[3]  Indeed, one of the categories listed in the court's electronic court filing system for miscellaneous matters is "request for judicial assistance."

The coordination motion was also properly filed pursuant to Local Rules 40.5(e) and 40.6(a).  *See* Coordination Mot. at 9.  Under Local Rule 40.5(e), this Court's Calendar and Case Management Committee has the authority to refer "two or more cases assigned to different judges" to "one judge" for a "specific purpose . . . in order to avoid duplication of judicial effort," so long as the assignment is "with the consent of the judge to whom the cases will be referred" and the "scope of authority of said judge" is identified.  The Calendar and Case Management Committee can also advise a judge to "transfer directly all or part of any case on

---

[3] For an example of a motion to quash a subpoena filed in this district without a summons or complaint, *see Wyoming v. USDA*, Misc. No. 02-0252 (RMU), 208 F.R.D. 449, 452 n.2 (D.D.C. 2002); docket for same.

the judge's docket to any consenting judge." LCvR 40.6(a).[4]  It was pursuant to these provisions of the Local Rules that the Court designated a coordinating judge in the Guantanamo Bay litigation—a precedent and model for the coordination motion that Plaintiff ignores.  *See* Coordination Mot. at 9 & attachments 3-5.

In asking the Court to exercise its inherent authority to designate a coordinating judge to resolve and manage common issues for the cases involving the recently provided documents, the Department acknowledged that individual judges may opt out of the coordination process, as happened in the Guantanamo Bay litigation.  *See* Coordination Mot. at 10 n.7.  Thus, the motion does not require "[o]ne district judge . . . [to] order another district judge to take action in a case pending before that judge" or even to transfer a case.  Pl.'s Opp. at 4, 5.  In addition, Plaintiff's authority purportedly on this point (*id*. at 4-5) actually stands for the unremarkable proposition that "one district court does not have jurisdiction to review the decisions of another district court or federal appellate court . . . or to take disciplinary action against other federal judges." *Klayman v. Kollar-Kotelly*, 2013 U.S. App. LEXIS 10148, at *2 (D.C. Cir. May 20, 2013).[5] This concern is not applicable to the coordination motion, which does not ask for the review of

---

[4] More broadly, Local Rule 40.7(h) recognizes the authority of the Chief Judge to "take such other administrative actions, after consultation with appropriate committees of the Court, as in his/her judgment are necessary to assure the just, speedy and inexpensive determination of cases, and are not inconsistent with these Rules."

[5] *See also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (respondent may not collaterally attack Bankruptcy Court's injunction in different federal court); *Jones v. Supreme Court of the United States*, 405 Fed. Appx. 508 (D.C. Cir. 2010) (per curiam) (district court properly held that it lacked jurisdiction to review decisions of the Supreme Court, federal appellate courts, or other district courts); *Prentice v. U.S. District Court for the Eastern Dist. of Michigan*, 307 Fed. Appx. 460 (D.C. Cir. 2008) (per curiam) (one district court has no jurisdiction to review the decision of another district court); *Adams v. U.S. District Court for the Western Dist. of Arkansas*, 2014 U.S. Dist. LEXIS 151044, at *1 (D.D.C. Oct. 23, 2014) (district court has no jurisdiction to review the decision of another district court); *Mason v. Kahn, Clerk of Court*, 2008 U.S. Dist. LEXIS 50258, at *1 (D.D.C. June 30, 2008) (court lacks jurisdiction to review orders or decisions of sister district court or federal appellate court; also has no authority to order Clerk of Court for the Eleventh Circuit to take any action).

any district court decision or action. Rather, it seeks coordination of common issues of law, fact, and procedure going forward.

### III. A LIMITED PARTIAL STAY IS WARRANTED WHILE THE COORDINATION MOTION IS UNDER CONSIDERATION

Plaintiff's argument that the requested stay is inappropriate is based on an inaccurate characterization of this case and the stay motion. The Department does not, as Plaintiff claims, seek a lengthy, indefinite stay that will halt the "simple and straightforward" work that remains to be done to close out this case. Pl.'s Opp. at 6. Instead, the requested partial stay is for a limited duration—while the coordination motion is under consideration—and the status of this case is far more complicated than Plaintiff makes it seem.

Ever since Plaintiff sought to reopen this case allegedly based on fraud, misrepresentation, or misconduct, it has sought to use this FOIA case to litigate broader issues related to former Secretary Clinton's and the Department's record-keeping practices rather than to have the Department conduct a search reasonably constructed to uncover records responsive to the narrow FOIA request at issue—all that Plaintiff is entitled to under the FOIA. Since the case was reopened, each time the Department complied with a demand from Plaintiff—for instance, searching the 55,000 pages of emails provided by former Secretary Clinton for records responsive to the FOIA request, using the search terms and date range agreed upon by the parties, and likewise searching the records received as of June 30, 2015 from Ms. Mills and Ms. Abedin—Plaintiff was dissatisfied, asked more questions, and sought discovery regarding issues far beyond the narrow FOIA request that is the subject of the case. *See, e.g.*, Joint Status Report dated July 1, 2015 (ECF No. 16), Exh. A (June 22, 2015 email from plaintiff's counsel to the Department's counsel). Many other cases it has brought against the Department involving the

Clinton emails and related matters have followed a similar pattern. *See, e.g., Judicial Watch v. U.S. Dep't of State*, Case No. 1:12-cv-2034 (RBW), ECF Nos. 26, 29.

The Department is not seeking to halt searches reasonably designed to identify records responsive to Plaintiff's FOIA request, as both the coordination motion itself and the Department's conduct to date demonstrates. All that the Department is seeking is to obtain some coordination of issues that cut across more than 30 FOIA cases implicating the recently provided documents. In this case, the Department does not seek a stay of the revised searches it has committed to conduct of the agency records systems that were initially searched, using the search terms and date range agreed to by the parties. Def.'s Stay Mot. at 3. But the Department does seek to have a coordinating judge determine how best to prioritize demands made in numerous cases for searches of newly provided documents from Ms. Mills and Ms. Abedin which are at issue in this case, and to have a coordinating judge decide the very type of requests for information and discovery about the use of personal email by former State Department officials that Plaintiff has pursued in this and other cases. *See* Coordination Mot. at 12-14. In the absence of a stay, for instance, if Plaintiff is not satisfied with what the Department reports on September 21 in response to the Court's August 20 order, it has pledged to file a motion for discovery (*see* Pl.'s Opp. at 8; Aug. 20, 2015 hearing transcript at 41-42), precisely the type of cross-cutting issue that should be coordinated with the other cases by a coordinating judge. As the Department noted in its coordination motion, this Court has itself suggested, in this case, that some coordination of these common issues could be useful. *See* Coordination Mot. at 3 (citing July 31, 2015 hearing transcript at 5, 10; Aug. 20, 2015 hearing transcript at 45).

The stay proposed by the Department is not indefinite, as Plaintiff claims, but rather limited in time to when the coordination motion is decided, and if it is granted, to when the

coordinating judge issues an order determining how to proceed. As noted above, the Court is moving expeditiously to adjudicate the motion. It set an expedited briefing schedule, with plaintiffs' responses (not to exceed ten pages) due by September 14, 2015, and required a single response from any plaintiff with more than one case. *See* Notice of Court Order in Misc. Case No. 15-1188 (Sept. 4, 2015 Order) (ECF No. 34). If the motion is granted and a coordinating judge is appointed, that judge can expeditiously establish a comprehensive search and production schedule for common records and manage any discovery requests that have been made in these cases so that little time is lost. As a consequence, the partial stay of this case proposed by the Department pending resolution of the coordination motion will not prejudice Plaintiff, especially given the need for efficient, consistent resolution of common issues across dozens of cases.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in the Department's stay motion, the Department respectfully requests that the Court issue a partial stay until the coordination motion is ruled on, and, if it is granted, until the coordinating judge issues an order determining how to proceed in the cases listed in that motion.

Dated: September 11, 2015

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        MARCIA BERMAN
        Assistant Director

        */s/ Peter T. Wechsler*
        PETER T. WECHSLER (MA 550339)
        Senior Counsel
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Avenue, N.W.
        Washington, D.C. 20530
        Tel.: (202) 514-2705
        Fax: (202) 616-8470
        Email: peter.wechsler@usdoj.gov