**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 13-cv-1363 (EGS) |
| U.S. DEPARTMENT OF STATE, | |
| Defendant. | |

**MOTION BY NON-PARTY DEPONENT CHERYL MILLS**

As counsel for non-party deponent Cheryl Mills, we respectfully ask the Court, pursuant to Federal Rule of Civil Procedure 26(c)(1), to preclude Judicial Watch from publicizing all or any portion of any audiovisual recording made of Ms. Mills' upcoming deposition. Ms. Mills supports the release of the written transcript of her deposition to the public. But no additional public interest would be served by the publication of the audiovisual recording. To the contrary, as her counsel, we are concerned that snippets or soundbites of the deposition may be publicized in a way that exploits Ms. Mills' image and voice in an unfair and misleading manner.

On May 27, 2016, Ms. Mills will appear for a deposition pursuant to the Court's May 4, 2016 Order permitting Judicial Watch to take "limited discovery" on certain, delineated topics related to the "narrow legal question" this case presents. (*See* Memorandum and Order ("Order") at 1, May 4, 2016, ECF No. 73.) Before filing this Motion, as counsel for Ms. Mills, we asked Judicial Watch to agree not to publicize any portion of the audiovisual recording of the deposition. Judicial Watch refused. That refusal raises a serious concern that Judicial Watch plans to use the

recording of Ms. Mills' deposition, and exploit her image and words, as part of a partisan attack against Secretary Clinton and her presidential campaign.   Judicial Watch's long-standing antagonism to the Secretary is a matter of public record.  The group has dedicated an entire section of its website to the numerous attacks that comprise its decades-long anti-Clinton campaign.[1] Since Secretary Clinton announced her candidacy for the presidency, those attacks have escalated, with the group filing no fewer than 16 lawsuits related to the Secretary.[2]   Recent events confirm that, if permitted, Judicial Watch would use this particular judicial proceeding to try to further its agenda.  Just last week, immediately following the first deposition in this matter, the President of Judicial Watch, Tom Fitton, announced that the group would publicize that deposition as soon as possible in hopes that it would somehow be "embarrassing" and "maybe more than embarrassing" to Secretary Clinton.[3]

---

[1]      Micah Morrison, *Judicial Watch & The Clintons*, Judicial Watch (Mar. 16, 2015), http://www.judicialwatch.org/bulletins/judicial-watch-the-clintons/.

[2]      *See, e.g.*, *Judicial Watch v. U.S. Department of State*, No. 1:16-cv-00885 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:16-cv-00574 (D.D.C); *Judicial Watch v. U.S. Department of State*, No. 1:16-cv-00174 (D.D.C.); *Judicial Watch v. U.S. Department of Treasury*, No. 1:15-cv-01776 (D.D.C.); *Judicial Watch v. National Archives and Records Administration*, No. 1:15-cv-01740 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-01441 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-01128 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-00785 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-00692 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-00691 (D.D.C.); *Judicial Watch v. U.S.  Department of State*, No. 1:15-cv-00690 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-00689 (D.D.C); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-00688 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-00687 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-00684 (D.D.C.); *Judicial Watch v. U.S. Department of State*, No. 1:15-cv-00646 (D.D.C.).  By its own admission, Judicial Watch has made "approximately one hundred and sixty Freedom of Information Act submissions" related to Secretary Clinton's and her staff's email practices. Micah Morrison, *Judicial Watch & The Clintons*, Judicial Watch (Mar. 16, 2015), http://www.judicialwatch.org/bulletins/judicial-watch-the-clintons/.

[3]      Eric Lichtblau, *Ex-Aide to Hillary Clinton Testifies About Email Server*, The New York Times (May 18, 2016), *available at* http://www.nytimes.com/2016/05/19/us/politics/ex-aide-to-

As counsel for Ms. Mills, we seek the Court's intervention to prevent Judicial Watch from using the audiovisual recording of her deposition for similar, partisan purposes. Ms. Mills is not a party to this action. She is a private citizen appearing voluntarily to assist in providing the limited discovery the Court has permitted. (*See* Order at 1.) Judicial Watch should not be allowed to manipulate Ms. Mills' testimony, and invade her personal privacy, to advance a partisan agenda that should have nothing to do with this litigation.

Courts may issue protective orders for good cause to protect a "party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule permits the Court to order a deposition to be sealed, only to be opened upon further order of the Court. *See id.*; *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). As various courts have recognized, protective orders are an appropriate measure to prevent litigants from using the audiovisual recording of a deposition to "generat[e] content for broadcast and other media." *Lopez v. CSX Transp., Inc.*, No. CIV.A. 3:14-257, 2015 WL 3756343, at *5 (W.D. Pa. June 16, 2015) (ordering deposition recordings sealed for good cause) (quoting *Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999) (similar)). Because video recordings, unlike written transcripts, are highly subject to manipulation—they "can be cut and spliced and used as 'sound-bites' on the evening news or sports shows," *Felling v. Knight*, No. IP01-0571-C-T/G, 2001 WL 1782360, at *3 (S.D. Ind. Dec. 21, 2001)—courts have not hesitated to prohibit their publication, *see also Cosby*, 529 F. Supp. at 422 (sealing deposition video and transcript upon showing of good cause).

---

hillary-clinton-testifies-on-email.html?smprod=nytcore-iphone&smid=nytcore-iphone-share&_r=0. (Exhibit A.) *See also* Chuck Ross, *Judicial Watch President: State Dept. Official's Deposition Was 'Embarrassing' for Hillary*, The Daily Caller (May 20, 2016, 1:21 AM), http://dailycaller.com/2016/05/20/judicial-watch-president-state-dept-officials-deposition-was-embarrassing-for-hillary/. (Exhibit B.)

*Felling v. Knight* is instructive.  That case was a civil action against legendary Indiana Basketball Coach Bobby Knight.  *See Felling*, at *1.  Although not parties to the case, Davis and Treloar—assistant coaches to Knight—both appeared for a deposition, and each moved for a protective order to seal his testimony.  *See id*.  The case had garnered media attention such that one local television station moved to intervene and unseal the depositions of Davis and Treloar. *Id*.  Davis and Treloar responded that the deposition contained sensitive information about coaching techniques, descriptions of purported incidents with basketball players, and alleged instances of disloyalty.  *Id.* at *2.  The Court found that there was good cause to seal the video recordings in order to protect Davis and Treloar from having the contents of their depositions "spliced" into media stories or used to create media-friendly "sound-bites."  *Id.* at *3.  The Court noted that the public would still have access to the information provided in the depositions because written transcripts would be available.  *Id.*

Here, as in *Felling*, we have good cause to believe the audiovisual recording of Ms. Mills' deposition could be used in attacks against Secretary Clinton and her presidential campaign, either by Judicial Watch or some other entity.  Unlike the non-parties in *Felling*, Ms. Mills has no objection to the public release of the written transcript of her deposition.  Thus, the public will be able to access the testimony itself, subject to the protective order to which Judicial Watch and the Government already agreed.  (*See* Order at 14.)  Moreover, the Court will maintain the ability to view the recording if it determines that would be useful in resolving the matter.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court preclude Judicial Watch from publicizing all or any portion of the audiovisual recording of Ms. Mills' deposition.  Judicial

Watch has agreed that it will not disseminate any recordings of Ms. Mills' deposition pending the resolution of this Motion by the Court.

Dated:  May 25, 2016                                 Respectfully submitted,

                                                    */s/ Beth A. Wilkinson*
                                                    Beth A. Wilkinson (D.C. Bar No. 462561)
                                                    Alexandra M. Walsh (D.C. Bar No. 490484)
                                                    WILKINSON WALSH + ESKOVITZ LLP
                                                    1900 M Street NW, Suite 800
                                                    Washington, D.C.  20036
                                                    Telephone: (202) 847-4000
                                                    Facsimile: (202) 847-4005
                                                    bwilkinson@wilkinsonwalsh.com
                                                    awalsh@wilkinsonwalsh.com