**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-cv-1363 (EGS) |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**PLAINTIFF'S OPPOSITION TO NON-PARTY DEPONENT
CHERYL MILLS' MOTION FOR PROTECTIVE ORDER**

Plaintiff Judicial Watch, Inc., by counsel and pursuant to the Court's May 25, 2016 minute order, respectfully submits this opposition to Non-Party Deponent Cheryl Mills' motion for a protective order:

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.       As this Court stated when it granted Plaintiff's motion for discovery from the bench, "This is a public proceeding.  This is all about the public's right to know." Never before has Plaintiff seen an agency or its head create an off-grid communications system to conduct official government business, the effect of which was to shield an agency head's records from the public for years.  Mrs. Clinton's and the State Department's actions were so egregious that this Court granted Plaintiff discovery to uncover evidence as to whether Mrs. Clinton and the State Department deliberately thwarted FOIA.  As Chief of Staff and Counselor to Mrs. Clinton during her entire four years as Secretary of State, Ms. Mills' testimony is instrumental not only to Plaintiff's case but also to the public's understanding of "the creation, purpose and use of the

clintonemail.com" system.  The release of Ms. Mills' videotaped deposition will likely

shed significant light on the questions at issue in this very public case.

2.     As an initial matter, Plaintiff respectfully submits that Ms. Mills' motion,

filed at 5:10 p.m. on May 25, 2016, less than two days before her deposition,[1] is

premature at best given the three-day hold already in place, if not intentionally disruptive.

It is a transparent attempt to distract Plaintiff from its preparation for Ms. Mills' May 27,

2016 deposition, scheduled for her convenience on the only date she claimed to be

available during the entire eight-week period allotted by the Court for Plaintiff to conduct

discovery.  It also was filed without regard for Plaintiff's counsel's other, substantial

professional commitments.  Obviously, Plaintiff does not have the substantial resources

available to Ms. Mills, much less her client or the State Department, and moving on the

eve of her deposition imposes a substantial burden on Plaintiff.  To ensure that the issues

raised by Ms. Mills' motion receive a full airing, Plaintiff requests the opportunity to file

a supplemental opposition within the time period set by the Court's local rules, if the

Court believes it would be helpful.  No prejudice could possibly result to Ms. Mills

because Plaintiff has already agreed not to disseminate the videotape of her deposition

pending the resolution of her motion.

---

[1]     Ms. Mills has known about her deposition since at least May 6, 2016, when
Plaintiff's counsel provided Ms. Mills' counsel with a copy of the Court's order.  After
numerous emails and at least one telephone conversation, Plaintiff served the subpoena
on Ms. Mills' counsel on May 16, 2016, notifying Ms. Mills that the deposition would be
videotaped.  Although several other email exchanges occurred, including a request by
Ms. Mills' counsel to change the time of the deposition, Ms. Mills' counsel did not raise
Ms. Mills' concern about the videotaping until May 25, 2016.  Ms. Mills had ample
notice and opportunity, but did not move until less than 48 hours before her deposition.

3.      Ms. Mills' characterizations of Plaintiff's actions are both unfair and inaccurate, and the concerns she raises are baseless.  Plaintiff has no intention of publicizing "snippets or soundbites" of her videotaped deposition.  If it is released, the videotaped deposition will be released in full on Plaintiff's website so that all interested persons can watch and assess Ms. Mills' entire testimony for themselves.

4.      Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may issue a protective order upon a showing of "good cause."  As the movant, Ms. Mills bears the burden of proof.  *Burgess v. Town of Wallingford*, 2012 U.S. Dist. LEXIS 135781, *35 (D. Conn. Sept. 21, 2012).  "The 'good cause' standard requires that the movant identify specific prejudice or oppression that will be caused by disclosure."  *Id.*  In addition, if "the movant fails to present concrete reasons justifying a protective order, the discovery materials in question will not receive judicial protection and may remain open to public inspection."  *Id.*  Ms. Mills fails to identify any specific reason justifying good cause for a protective order.  The closest she comes to providing any reason is her bald assertion that "the audiovisual recording of Ms. Mills' deposition could be used in attacks against Secretary Clinton and her presidential campaign, either by Judicial Watch or some other entity."  She supports her assertion by stating that Judicial Watch has filed no fewer than 16 lawsuits related to Mrs. Clinton.  Ms. Mills fails to inform the Court that many of those lawsuits were filed after the public "revelation" of Mrs. Clinton's use of an off-grid email system to conduct official government business and that each of the lawsuits were filed pursuant to FOIA or the Federal Records Act.  She also fails to inform the Court that, far from being partisan, Plaintiff has been a vigorous advocate for transparency in government for decades and across several administrations.  Had Mrs.

Clinton not created and used her extraordinary and exclusive email system, and had the

State Department not seemingly condoned and abetted its use, Plaintiff would not have

filed 16 lawsuits over the past year.  The lawsuits are not attacks on Mrs. Clinton; they

are attempts to compel the State Department to comply with basic FOIA obligations.

5.     The concern identified by Ms. Mills does not satisfy her burden under

Rule 26(c).  In *Burgess*, the plaintiff intended to make available on his website entire

deposition transcripts.  *Burgess*, 2012 U.S. Dist. LEXIS 135781 at *42.  The court

described the plaintiff's motives for posting the transcripts as "unrelated to the resolution

of the lawsuit" and for the purpose of "garner[ing] public interest in the ensuing legal

battles of those who elect to carry firearms in public."  *Id.* at *43.  Although the Court

noted that the plaintiff's "intent in publishing may be personally objectionable to" the

defendants, the court found that such a concern does not satisfy the burden imposed by

Rule 26(c).  *Id.* at *43-44.  The court continued:

> Case precedent suggests that even when a party admittedly seeks to
> publicly embarrass his opponent, no protection should issue absent
> evidence of "substantial embarrassment" or harm.  *See, e.g., Flaherty v.
> Seroussi*, 209 F.R.D. 295, 299 (N.D.N.Y. 2001) (even where plaintiff
> admitted his intention to use the local media to personally embarrass the
> defendant mayor in front of his constituents, i.e., to figuratively knock his
> "teeth down his throat" during deposition questioning, "[t]he mere fact
> that some level of discomfort, or even embarrassment, may result from the
> dissemination of [mayor's] deposition testimony [was] not in and of itself
> sufficient to establish good cause to support the issuance of protective
> order.").  *See also Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 561-62
> (D. Utah 2011) (entertainment attorney failed to establish "good cause"
> for issuance of protective order to restrict dissemination of transcripts and
> tapes of his deposition testimony because even if public dissemination
> might "cause him some level of discomfort," there was no "legitimate
> concern that any deposition in this case [would] be used for commercial or
> other private [financial] pursuits").

*Burgess*, 2012 U.S. Dist. LEXIS 135781 at **44-45.  Plaintiff's sole objective in discovery is to uncover and present admissible evidence to the Court about whether the State Department and Mrs. Clinton deliberately thwarted FOIA.  It is not to embarrass or harass Ms. Mills.  It is not to embarrass or harass Mrs. Clinton or her campaign.  Ms. Mills' attacks are not only unfounded, but fail to satisfy her burden of showing good cause for a protective order.

6.     *Felling v. Knight*, which Ms. Mills claims is "instructive," is completely inapposite, as are Ms. Mills' other cases.  Mrs. Clinton was one of the nation's highest public officials and now seeks the nation's highest office.  She is not a basketball coach, musician, or actor.  The public interest in her conduct in office cannot fairly be compared to the public interest in Bobby Knight, Prince, or Bill Cosby.

7.     Finally, Mr. Fitton did not say that he "hopes" the depositions being taken in this case would be "embarrassing" or "more than embarrassing" to Mrs. Clinton.  Ms. Mills' assertions to that effect are a gross distortion of his already distorted comments.  Far from constituting good cause for suppressing the videotape of Ms. Mills' deposition, the media reports only highlight the substantial public interest and demand for timely information about Mrs. Clinton's email practices as Secretary of State and this litigation.

WHEREFORE, Plaintiff respectfully requests that Ms. Mills' motion for a protective order be denied.

Dated:  May 26, 2016                    Respectfully submitted,

                                        /s/ Michael Bekesha
                                        Michael Bekesha
                                        D.C. Bar No. 995749
                                        JUDICIAL WATCH, INC.
                                        425 Third Street S.W., Suite 800
                                        Washington, DC 20024
                                        (202) 646-5172

                                        *Counsel for Plaintiff Judicial Watch, Inc.*