**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 13-cv-1363 (EGS) |
| U.S. DEPARTMENT OF STATE, | |
| Defendant. | |

## REPLY IN SUPPORT OF MOTION BY NON-PARTY DEPONENT CHERYL MILLS

Judicial Watch misses the point of our Motion.  To be clear:  Ms. Mills supports, and in no way opposes, the release of her deposition transcript.  As her counsel, all we request is that the Court disallow the publication of the *videotape* that will be made of the deposition.  The transcript will give the public full access to the information Ms. Mills is able to provide on the topics about which the Court has permitted discovery.  Indeed, this transcript will place the public in *exactly* the same position the public occupies when a witness testifies in a federal courtroom.  Because of concerns about how recordings may be misused in the media, those proceedings are not videotaped.  Instead, public access is accommodated by providing a written record of the proceedings.  We simply request that Ms. Mills' deposition be treated in like manner.  Providing this like treatment will ensure that Ms. Mills, a private citizen, does not have her image and voice exploited by partisan groups seeking to use these judicial proceedings in this campaign season to further their political own agendas—agendas that should have nothing to do with this litigation.

Judicial Watch insists that the group itself has no plans to engage in the tactics we fear. (Pl.'s Opp'n to Mot. ¶ 3, May 26, 2016, ECF 80.)  That too misses the point.  Regardless of what use *Judicial Watch* might make of the recording, once the tape is released to the public, there will be no way to prevent other groups from manipulating the recording in whatever unfair manner they choose.  Such manipulations would not further the public's understanding of the information Ms. Mills is able to provide.  To the contrary, such manipulations would mislead the public regarding the full substance of her testimony and obscure the true purpose of this proceeding.  *See, e.g.*, *Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007); *Felling v. Knight*, No. IP01-0571-C-T/G, 2001 WL 1782360, at *3 (S.D. Ind. Dec. 21, 2001); *Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 348-49 (S.D.N.Y. 1999).

Judicial Watch's citation to *Burgess*, the only authority it cites in its opposition, underscores Judicial Watch's misunderstanding of the narrow relief Ms. Mills seeks.  In *Burgess*, the defendants asked the court to prohibit the plaintiff—who, unlike Ms. Mills, was a party to the litigation—from posting an audio recording *and the transcript* of *his own deposition* on the Internet.  *Burgess v. Town of Wallingford*, No. 3:11-CV-1129, 2012 WL 4344194 (D. Conn. Sept. 21, 2012).  Unlike in *Burgess*, Ms. Mills has no objection to the public release of her deposition transcript.  And, unlike in *Burgess*, Ms. Mills, a non-party to this case, has a very real concern that her privacy will be invaded and her image exploited for political gain by those seeking some advantage in this contentious campaign season.  We respectfully ask that the Court disallow that abuse of these judicial proceedings by granting the relief we seek.[1]

---

[1]     Judicial Watch complains that we did not make this request earlier, noting that we have known of the group's intent to videotape the deposition since May 16.  (*Id.* ¶ 2.)  But we do not, and have never, objected to the creation of a videotape.  Instead, our narrow objection is to the publication of that tape.  And our concern about that publication arose late last week when the President of Judicial Watch, Tom Fitton, tried to use the first deposition taken in this matter to

Dated:  May 26, 2016                                Respectfully submitted,

                                                    */s/ Beth A. Wilkinson*
                                                    Beth A. Wilkinson (D.C. Bar No. 462561)
                                                    Alexandra M. Walsh (D.C. Bar No. 490484)
                                                    WILKINSON WALSH + ESKOVITZ LLP
                                                    1900 M Street NW, Suite 800
                                                    Washington, D.C.  20036
                                                    Telephone: (202) 847-4000
                                                    Facsimile: (202) 847-4005
                                                    bwilkinson@wilkinsonwalsh.com
                                                    awalsh@wilkinsonwalsh.com

---

garner media attention to harm Secretary Clinton.  (Mot. at 2, May 25, 2016, ECF 79.)  And that concern was confirmed just yesterday when Judicial Watch refused to agree not to publish the tape.  Nor is this Motion "a transparent attempt to distract Plaintiff."  (*Id.*)  To the contrary, we understood that securing Judicial Watch's agreement not to disseminate the recording until the Court had an opportunity to resolve the Motion would alleviate any need for an immediate response.