IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-cv-1363 (EGS) |
| ) | |
| U.S. DEPARTMENT OF STATE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO NON-PARTY DEPONENT
BRYAN PAGLIANO'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Judicial Watch, Inc., by counsel and pursuant to the Court's June 1, 2016 minute order, respectfully submits this opposition to Non-Party Deponent Bryan Pagliano's motion for a protective order seeking to prevent an audiovisual recording of his deposition:

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.  Mr. Pagliano's motion is both unnecessary and premature. The Court has already ordered "that all audiovisual copies of depositions taken in this case shall be sealed until further order of the Court." Mr. Pagliano offers no sufficient reason for the Court to revisit the issue.

2.  Mr. Pagliano asserts that there is no proper reason to videotape the deposition as he intends to assert his rights under the Fifth Amendment. On the contrary, the video will be helpful to the Court in assessing the demeanor and credibility of Mr. Pagliano if and when he chooses to assert the Fifth Amendment. As one court has observed,

> The video deposition is allowed because it is a superior method of conveying to the fact finder the full message of the witness in a manner that assists the fact finder in assessing credibility and because Rule 30(b)(2) specifically permits the deposing party to select the method of recordation of the deposition.

*Riley v. Murdock*, 156 F.R.D. 130, 131 (E.D.N.C. 1994). Moreover, since Mr. Pagliano presumably will answer certain questions that do not present any risk of prosecution, the videotape will be useful in assessing Mr. Pagliano's demeanor in answering those questions as well. *Littlewood v. Federal Realty Inv. Trust*, No. 13-CV-5538-F, 2014 WL 6713468 (Mass. Sup. Ct., Sep't 1, 2014) ("Facial expressions, voice inflections, intonation, gestures, and body language all enrich the experience of the deposition and ultimately advance the litigation process's search for the truth."). In addition, videotaping of depositions is useful for a Court "to observe how the attorneys conduct themselves in the deposition, which often becomes relevant on this issue of sanctions." *Alexander v. FBI*, 186 F.R.D. 123, 127 (D.D.C. 1998).

      3.     Any concerns that Mr. Pagliano has about the potential public release of the video at some undefined time in the future plainly are premature. Any concern such as the video being used to create "soundbites" can be addressed if and when a motion is made to lift the existing protective order. In any event, Mr. Pagliano's suggestion that a video of him invoking the Fifth Amendment could taint a "potential jury pool" (Motion at 4) is irrelevant as no jury will be impaneled in this case. Hence, no harm can result from a video being created. In fact, the only harm claimed by Mr. Pagliano relating to the creation of a video is a possible "leak or data breach at the court reporting company." Motion at 5. This assertion is, of course, entirely speculative, and needlessly questions the good faith of Plaintiff and the court reporting company it has retained. *Fanelli v.*

*Centenary College*, 211 F.R.D. 268, 270 (D.N.J. 2002) (protective order restricting video should not be entered without specific showing of "clearly defined and serious injury").

    4.    Finally, this motion represents the second time in the past week that a former State Department employee has attacked Plaintiff's motives in pursuing this case and in conducting discovery.  *See* Motion at 2 (describing this as "a lawsuit with an undisputed political agenda").  As the Court has stated, this case is about the public's "right to know details related to the creation, purpose and use of the clintonemail.com system."  Plaintiff has proceeded professionally and cautiously at each stage of this litigation.  These attempts to impugn Plaintiff's integrity are unwarranted and inappropriate.

    WHEREFORE, Plaintiff respectfully requests that Mr. Pagliano's motion for a protective order be denied.

Dated:  June 2, 2016                                    Respectfully submitted,

                                                          /s/ Michael Bekesha
                                                          Michael Bekesha
                                                          D.C. Bar No. 995749
                                                          JUDICIAL WATCH, INC.
                                                          425 Third Street S.W., Suite 800
                                                          Washington, DC 20024
                                                          (202) 646-5172

                                                          *Counsel for Plaintiff Judicial Watch, Inc.*