**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUDICIAL WATCH, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 13-CV-1363 (EGS)** |
| **U.S. DEPARTMENT OF STATE,** | |
| **Defendant.** | |

**NONPARTY DEPONENT BRYAN PAGLIANO'S**
**REPLY IN SUPPORT OF HIS MEMORANDUM OF LAW**

The narrow dispute between Judicial Watch and nonparty deponent Bryan Pagliano concerns whether Judicial Watch will be allowed to videotape his forthcoming deposition where he expects to assert his Fifth Amendment right. In response to this Court's *sua sponte* Minute Order of June 3, 2016, Mr. Pagliano (1) set forth the legal authority upon which he relies to assert his Fifth Amendment rights in this civil proceeding and, with the concurrence of the United States, (2) sought leave to file *ex parte* and under seal the documents constituting his agreements with the government. In addition, the United States filed a Statement of Interest stating that "there is no dispute before the Court that requires it to review the documents constituting Mr. Pagliano's agreements with the United States," but, to the extent the Court disagrees, the United States requested that the Court review the agreements *ex parte* and under seal to avoid prejudicing an ongoing law enforcement investigation. U.S. Br. at 1-2.

In a "Combined Opposition" (ECF Nos. 90 & 91), Judicial Watch "requests that Mr. Pagliano's motion to file exhibits *ex parte* and under seal be denied, Mr. Pagliano's motion for a protective order be denied, and the Court order Mr. Pagliano to sit for a videotaped deposition." Opp'n 7. But Judicial Watch does not dispute, and indeed never has disputed, Mr. Pagliano's

right to assert his Fifth Amendment right in this civil proceeding.  Nor does Judicial Watch seek an order either compelling Mr. Pagliano's testimony or limiting his assertion of his Fifth Amendment right.  *See* ECF No. 91 at 8 ("Proposed Order").  Accordingly, this Court can resolve the parties' dispute over videotaping without ruling on Mr. Pagliano's undisputed right to assert the protections of the Fifth Amendment at his prospective deposition.

Judicial Watch's main point in opposition is that "[t]his Circuit strongly discourages blanket assertions of the Fifth Amendment."  Opp'n 4.  But Mr. Pagliano, who has agreed to attend his forthcoming deposition, has not yet been asked any questions and therefore could not have invoked his Fifth Amendment privilege at all, let alone have made a "blanket assertion" of the privilege.  To be sure, Mr. Pagliano intends to assert his Fifth Amendment right with respect to any deposition questions regarding "the creation and operation of clintonemail.com for State Department business" (*i.e.*, the only topic over which this Court has authorized Judicial Watch to obtain discovery from Mr. Pagliano).  But because Judicial Watch neither seeks to compel Mr. Pagliano's testimony nor to limit his Fifth Amendment rights, there is no need for Mr. Pagliano to assert (or this Court to rule on) his Fifth Amendment rights at this time.

In any event, the cases cited by Judicial Watch strongly *support* a "blanket" assertion of the privilege under these circumstances.  *See United States v. Ortiz*, 82 F.3d 1066, 1073 (D.C. Cir. 1996) (upholding a "blanket" assertion of the Fifth Amendment because answering any relevant question created a danger to the witness given the limited subject matters of his prospective testimony); *see United States v. Thornton*, 733 F.2d 121, 125-26 (D.C. Cir. 1984) (finding that the district court properly sustained a witness's "blanket" assertion of the Fifth Amendment "as to his entire testimony" because there was a "reasonable basis for believing a danger to the witness might exist in answering *any* relevant question").  Given the limited scope

of permissible discovery articulated in the Discovery Order and the full range of "issue areas"

(Opp'n 5-6) Judicial Watch expects to cover during the prospective deposition, answering *any*

relevant question may well pose a danger to Mr. Pagliano, such that it would be perfectly

appropriate for him to invoke a blanket assertion of his Fifth Amendment rights at a future date,

should it become necessary to do so.

Although Judicial Watch also argues that it is unable "to assess properly whether Mr.

Pagliano has a legitimate fear that answers to all of Plaintiff's questions present a danger to him,"

the organization acknowledges that it is ill-suited to make such a determination. *Id.* at 4-5

("Plaintiff has not seen the immunity agreements and therefore does not know on what issues Mr.

Pagliano proffered testimony.").  If a future dispute should arise, it will be "for the court to say

whether [a witness's] silence is justified." *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

That inquiry, should it ever be necessary, would not be a searching one.  Contrary to

Judicial Watch's claim, Mr. Pagliano bears no burden to establish a risk of prosecution.  Opp'n 4

("Mr. Pagliano has not satisfied this burden.").  Judicial Watch does not dispute that, for a court

"to sustain the privilege, it need only be evident from the implications of the question, in the

setting in which it is asked, that a responsive answer to the question or an explanation of why it

cannot be answered *might* be dangerous because injurious disclosure *could* result." *Hoffman*,

341 U.S. at 486-87 (emphases added); s*ee also In re Corrugated Container Antitrust Litig.*, 662

F.2d 875, 882-83 (D.C. Cir. 1981) ("[I]f the witness, upon interposing his claim, were required to

prove the hazard in the sense in which a claim is usually required to be established in court, he

would be compelled to surrender the very protection which the privilege is designed to

guarantee.").  In the event a dispute arises, this Court would sustain the privilege unless "it

clearly appears to the court that [the witness] is mistaken." *Hoffman*, 341 U.S. at 486.  As

explained above and in his opening Memorandum of Law, Mr. Pagliano plainly has a reasonable basis to believe that an injurious disclosure could result in this case.

## CONCLUSION

For the reasons set forth above, in Mr. Pagliano's Memorandum of Law, and the government's Statement of Interest, Mr. Pagliano respectfully requests that his motions (1) for a protective order regarding videotaping and (2) to file documents *ex parte* and under seal be granted.

Dated:  June 13, 2016                               Respectfully submitted,


By:  /s/ Mark J. MacDougall
Mark J. MacDougall (DC Bar No. 398118)
Sean D'Arcy (DC Bar No. 440693)
James E. Tysse (DC Bar No. 978722)
Constance O'Connor (DC Bar No. 490885)
Connor Mullin (DC Bar No. 981715)
Matthew A. Scarola (DC Bar No. 1023416)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4000
(202) 887-4288 (fax)

*Counsel for Bryan Pagliano*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 13th day of June 2016, a true and correct copy of the foregoing document was served upon the parties in this case via the Court's electronic filing system and is available for viewing and downloading from the ECF system.


  /s/ Mark J. MacDougall_____
Mark J. MacDougall
DC Bar No. 398118