IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-cv-1363 (EGS) |
| v. | ) ) ) | |
| U.S. DEPARTMENT OF STATE, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S, CHERYL MILLS'
AND HUMA ABEDIN'S OPPOSITIONS TO PLAINTIFF'S MOTION
TO UNSEAL AUDIOVISUAL RECORDINGS OF ALL DEPOSITIONS**

Plaintiff Judicial Watch, Inc., by counsel, respectfully submits this reply to the oppositions of Defendant U.S. Department of State, former State Department Chief of Staff Cheryl Mills, and former State Department Deputy Chief of Staff Huma Abedin.  As grounds therefor, Plaintiff states as follows:

1. Ms. Mills sought to seal the audiovisual recording of her deposition because of her concern that the recording could be exploited for political gain during the contentious campaign season.  *See* Mills' Motion (ECF No. 79) at 1, 2, 3, and 4; *see also* Mills' Reply (ECF No. 82) at 1 and 2.  That concern no longer exists.  Ms. Mills and the State Department now argue that concern was not the sole reason for seeking the seal.

2. All of the deposition transcripts have been made available to the public, and the State Department has not identified – nor could it identify – a single instance in which the transcript was presented in an inaccurate or out-of-context manner.  The State Department's concern that the recordings will be misused is unfounded.

3.      This Court has previously concluded that such a concern does not warrant a protective order. *See Citizens for Responsibility and Ethics in Washington v. U.S. Department of Justice*, Civil Action No. 05-2078 (EGS) (D.D.C. Oct. 5, 2006) ("*CREW*"). As the Court explained:

> Turning to the issue of whether the videotape of [the deponent's] deposition should be made available to the public, the Court finds that the defendant has not shown good cause to prevent public dissemination of the videotape. At the motions hearing, the Court asked the defense counsel why the defendant opposed the public disclosure of the deposition videotape but not the deposition transcript when they are both easily susceptible to distortion and manipulation. After all, [the deponent's] statements could be taken out of context and satirized to cause him annoyance or embarrassment both in print and via audiovisual media.

*CREW* at 4.

4.      Similar to the State Department's argument, Ms. Mills asserts, without evidence, that the release of the recordings will cause an undue burden on her. Mills' Opposition (ECF No. 155) at 1. The Court also addressed this issue in *CREW*:

> [C]ourts have regularly permitted videotape depositions of public officials, and have refused to apply a protective order, particularly when there is strong public interest in a case that involves public officials and/or matters of public concern. *See Condit*, 225 F.R.D. at 116-18 (in a case where defendant accused a public official of wrongdoing, the court denied a motion for protective order barring public dissemination of a deposition videotape, stating that potential media misrepresentation of the deposition by use of sound bites does not alone warrant a protective order); *Flaherty v. Seroussi*, 209 F.R.D. 295 (N.D.N.Y. 2001) (although the plaintiff openly admitted that he wanted to use the deposition videotape to embarrass the mayor, the court denied a motion for protective order stating that some level of embarrassment or discomfort are not in and of itself sufficient to establish good cause, particularly in view of public interest in the conduct of public officials, which outweighs the minimal harms tendered to the deponent). This case involves issues of public interest. In fact, the Court granted limited discovery because CREW raised legitimate questions about the conduct of a government agency concerning a matter of public interest. The potential threat of annoyance and embarrassment alleged here to [the deponent], a public official, does not rise to the level of good cause sufficient to justify barring public dissemination of the videotape.

*CREW* at 4-5.  The same reasoning applies here.  All of the deponents were current or former State Department employees answering questions about their employment at the State Department.  There is an indisputable public interest in the conduct of the State Department and its senior officials concerning the creation and use of an extraordinary and exclusive email system by former Secretary Clinton and the State Department.  The audiovisual recordings will "provide the public with the fullest context and most robust understanding" of the entire factual record because "access to cold transcripts, alone, deprives the public of critical context and other information vital to understanding the deponents' testimony."  Coalition Mem. (ECF No. 111-1) at 10-12.

5.  The State Department did not take a position on Ms. Mills' May 2016 request for a seal.  The fact that the State Department only now asserts an interest undercuts its position.

* * *

For the reasons set forth in Plaintiff's initial memorandum and the additional reasons stated above, Plaintiff respectfully requests the Court unseal the audiovisual recordings of all depositions in this case.

Dated:  December 22, 2016               Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff Judicial Watch, Inc.*